# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DERRICK REESE,                      )
                                    )
    Movant,                    )
                                    )
v.                                  )          CR609-035
                                    )          CV618-124
UNITED STATES OF AMERICA,           )
                                    )
    Respondent.                )

## REPORT AND RECOMMENDATION

Derrick Reese pleaded guilty to one count of distributing cocaine base in November 2009. Doc. 47 at 1.[1] His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because he contends recent Supreme Court opinions alter his status as a career offender. *See generally* doc. 136. Because this is Reese's *second* § 2255 motion, however, this Court lacks jurisdiction to consider it without permission from the Eleventh Circuit.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the

---

[1] The Court cites to the criminal docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

district court to consider the motion.[2]  28 U.S.C. § 2244(b)(3)(A); *Farris v.*

*United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  A panel of the court

of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient to establish
> by clear and convincing evidence that no reasonable factfinder
> would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases
> on collateral review by the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005).

"Without authorization" from the court of appeals, a "district court lack[s]

jurisdiction to consider [a movant's] second or successive" motion.  *Carter*

*v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Reese concedes that this is his second § 2255 motion.  *See* doc. 928 at

1; *see also* doc. 67 (§ 2255 motion); doc. 89 (judgment denying motion);

doc. 94 (Court of Appeals order denying reconsideration of denial of

certificate of appealability and leave to proceed *in forma pauperis*); doc. 96

---

[2] Reese recognizes that successive § 2255 motions are not generally allowed, but argues
that the circumstances of his claims warrant leave.  *See* doc. 136 at 1.  As explained
below, any such argument must be presented to and accepted by the Court of Appeals
before this Court has any jurisdiction over his motion.

(§ 2241 motion); doc. 103 (Report and Recommendation recommending recharacterization of § 2241 motion as successive § 2255 motion); doc. 112 (judgment denying § 2255 motion).  The Court found that his original § 2255 motion was time-barred.  Doc. 85 at 11-12 (recommending denial of § 2255 motion as untimely), *adopted* doc. 88.  Such a disposition renders any subsequent § 2255 motions successive.  *See Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (holding "a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes.").  This Court thus lacks jurisdiction to consider this petition.  *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

Since his motion is successive, it should be **DISMISSED** as an unauthorized, successive petition.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.

3

28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x

542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this ___7ᵗʰ___ day of

December, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA